**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 24-cv-00013-RMR-NRN

SALENA WILLIAMS and DAVID WILLIAMS,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

---

# ORDER

---

Plaintiff Salena Williams was involved in two motor vehicle accidents and initiated this lawsuit against Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") alleging wrongful delay and denial of fair and reasonable payment for two separate insurance claims. Defendant filed its Motion for Partial Summary Judgment ("Motion"), seeking judgment in favor of Defendant on Plaintiffs' Second and Third Claims for Relief. ECF No. 50. Plaintiff Salena Williams and her husband, Plaintiff David Williams, (collectively, "Plaintiffs") filed a response to the Motion. ECF No. 53. For the reasons stated below, Defendant's motion is DENIED.

## I. BACKGROUND[1]

Plaintiff Salena Williams was involved in two motor vehicle accidents. At the time of both accidents, Ms. Williams was insured with State Farm with uninsured and underinsured limits of $250,000 per person and $500,000 per person, respectively. The first occurred on October 19, 2018, and involved Cassie Moore, who was insured with USAA with bodily injury limits of $100,000 per person. Ms. Williams settled her bodily injury claim against Ms. Moore with USAA for the entire $100,000 policy limit. Later, on December 2, 2020, Plaintiff David Williams reported this first accident and on January 6, 2021 provided a Letter of Representation for the first accident. On August 26, 2021, State Farm received the attorney demand, and on September 7, 2021, it updated its injury evaluation. State Farm first requested five years of prior records on September 7, 2021 and submitted similar requests on October 26, 2021 and January 26, 2022. On March 23, 2022, State Farm followed up with Plaintiff's providers for bills and records. The following month, State Farm requested its own medical record review, which was completed by Dr. Phil Stull on May 15, 2022. State Farm completed its evaluation for the first accident on May 27, 2022. Then, on June 2, 2022, State Farm notified counsel that Ms. Williams had been compensated by the $100,000 paid by the at-fault driver in relation to the first accident.

On July 30, 2021, Ms. Williams was involved in a second motor vehicle accident with Kenneth Sandoval, who was uninsured. State Farm received a letter of

[1] The Court relies on the parties' Statement of Undisputed Facts. ECF No. 46.

representation related to the second accident on July 18, 2022. On August 5, 2022, a medical record review was completed by neurologist Dr. Eric Hammerberg. Four days later, State Farm offered Ms. Williams $37,350 in uninsured motorist benefits related to the second accident and made a Fisher (or incremental) payment of $35,301.49. The same day, State Farm also requested updated treatment information related to Ms. Williams' pre-accident medical providers. A month later, State Farm requested a status update on Ms. Williams' injuries and treatment. On August 9 and September 21, 2023, Plaintiffs provided records and bills for Ms. Williams' treatment. On October 16, 2023, State Farm requested five years of complete prior records related to the second accident. Then, on October 25, 2023, Plaintiffs filed suit against State Farm for both accidents.

## II. LEGAL STANDARD

To succeed on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When analyzing a motion for summary judgment, the court must look at "the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). However, the nonmoving party may not simply rest upon its pleadings at this stage; rather, the nonmoving party must

"set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249.

## III. ANALYSIS

### A. Statutory Bad Faith Claim

Defendant State Farm first seeks summary judgment to the extent Plaintiffs allege a claim for statutory bad faith, arguing that "Plaintiffs have no evidence that State Farm acted unreasonably in its handling of Salena Williams' claims and Plaintiffs' bad faith claims are based solely on a dispute over value." ECF No. 50 at 8. Under Colo. Rev. Stat. § 10-3-1115, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." *Id.* "By their nature, insurance bad faith claims present questions of fact unsuitable for resolution on summary judgment except in limited circumstances." *Dale v. State Farm Mut. Auto. Ins. Co.*, 699 F. Supp. 3d 1219, 1225 (D.

Colo. 2023). “Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury when conflicting evidence exists.” *Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1003 (D. Colo. 2020).

Here, Plaintiffs have offered evidence that they provided State Farm with a Letter of Representation for the first accident on January 6, 2021, and State Farm did not complete its evaluation for the first accident until May 27, 2022. ECF No. 53 at 14. State Farm contends that it requested Plaintiff complete and return Authorizations for the Release of Medical Information (“ARI”) and Medical Provider Lists (“MPL”) only seventeen days after it received the Letter of Representation. ECF No. 50 at 10. According to State Farm, Plaintiff Salena Williams returned the ARI and MPL nine months later. *Id.* The parties dispute when State Farm requested the ARI and MPL and whether Plaintiffs’ submission was complete. ECF No. 46 at 6.

With regard to the second accident, Plaintiffs have provided evidence that State Farm did not issue any revised UM evaluation more than a year after its August 9, 2022 UM offer. ECF No. 53 at 11. Defendant contends that the records offered by Plaintiffs related to the first accident, not the second accident. ECF No. 46 at 10. On October 16, 2023, State Farm requested five years of complete prior records related to the second accident. The parties dispute whether State Farm already had the medical records in their possession. *Id.* at 11.

Viewing the facts in the light most favorable to Plaintiff, the Court finds that genuine issues of material fact exist concerning whether Plaintiff timely provided requested medical information and whether State Farm had sufficient notice that the documents

were allegedly sent. Based on the record, it is for a jury to decide whether State Farm acted reasonably under the circumstances. Accordingly, summary judgment is not warranted.

**B. Common Law Bad Faith Claim**

State Farm also argues that Plaintiffs common law bad faith claim must fail, because it has already established that there was no unreasonable conduct. ECF No. 50 at 12-13. To succeed on a common law claim for bad-faith denial of an insurance claim, the plaintiff must demonstrate that (1) the insurer's conduct was unreasonable and (2) the insurer knew or recklessly disregarded the fact that its conduct was unreasonable. *Dale*, 699 F. Supp. 3d at 1224 (citing *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1272 (Colo. 1985)).

As the Court has already discussed, the record does not show that State Farm’s conduct was indisputably reasonable under the circumstances.

According to State Farm, Plaintiff Salena Williams returned the ARI and MPL nine months later. *Id.* The parties dispute when State Farm requested the ARI and MPL and whether Plaintiffs submission was complete. ECF No. 46 at 6. At a minimum, the parties dispute when State Farm requested documentation for the first accident and whether Plaintiff already provided complete documentation for the second accident. Under these circumstances, summary judgment is not appropriate.

## IV. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Partial Summary Judgment is DENIED.

DATED: October 29, 2026

BY THE COURT:

______________________________
REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court